# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

GINGER ROBERTSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

WHITESTONE HOME FURNISHINGS, LLC d/b/a Saatva,

Defendant.

Case No. 23-3184-CV-S-MDH

## SUPPORTING SUGGESTIONS FOR DEFENDANT'S MOTION TO DISMISS

**BATY OTTO CORONADO SCHEER PC**

Randy P. Scheer  #37214
1855 South Ingram Mill Road, Suite 207
Springfield, Missouri 65804
(417) 281-5100

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

Robert A. Fumerton (*pro hac vice*)
Patrick G. Rideout (*pro hac vice*)
Christopher R. Fredmonski (*pro hac vice*)
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Defendant*
*Whitestone Home Furnishings, LLC*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ......................................................................................................................1

BACKGROUND ........................................................................................................................1

ARGUMENT..............................................................................................................................2

I.      THE MISSOURI TAX REFUND PROCEDURE IS EXCLUSIVE ................................3

II.     THE FAC FAILS TO STATE A CLAIM AS A MATTER OF LAW .............................5

      A.      The FAC Does Not State a Claim Under GBL § 349 (Count I)............................5

            1.      GBL § 349 Does Not Apply to Alleged Deception in Missouri ................5

            2.      The Collection of Tax Is Not "Consumer-Oriented" Conduct ...................6

            3.      The Alleged Overcollection of
                  Tax Is Not a Deceptive Act or Practice ......................................................7

            4.      Plaintiff's Claim Is Barred by the Voluntary Payment Doctrine ...............8

      B.      The FAC Does Not State a Claim Under the MMPA (Count II) ..........................9

            1.      Plaintiff Has Not Alleged an Act
                  or Practice in "Trade" or "Commerce".......................................................9

            2.      Plaintiff Does Not Allege that the Tax Rate Saatva Collects
                  Would Cause a Reasonable Person to Purchase a Mattress.......................10

            3.      Plaintiff Does Not Allege an Ascertainable Loss.....................................12

      C.      Plaintiff's Duplicative Equitable Claims
              Fail as a Matter of Law (Counts III and IV)........................................................12

      D.      Plaintiff's Negligence Claim Fails as a Matter of Law (Count V) ......................14

CONCLUSION.........................................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ackerman Buick, Inc. v. St. Louis County*,
771 S.W.2d 343 (Mo. 1989) ......................................................................................3, 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................................2, 3, 13

*B & D Investment Co. v. Schneider*,
646 S.W.2d 759 (Mo. 1983) ..............................................................................................4

*Bell v. Annie's, Inc.*,
No. 4:22-cv-01367-MTS, 2023 WL 3568623 (E.D. Mo. May 18, 2023) .......................12

*Blair v. City of Hannibal*,
179 F. Supp. 3d 901 (E.D. Mo. 2016) ......................................................................12, 14

*Blass v. Rite Aid of Connecticut, Inc.*,
16 A.3d 855 (Conn. Super. Ct. 2009), *aff'd*, 16 A.3d 737 (Conn. App. Ct. 2011) ...........10

*Blevins v. American Family Mutual Insurance Co.*,
423 S.W.3d 837 (Mo. Ct. App. 2014) ..............................................................................14

*Bockelman v. MCI Worldcom, Inc.*,
403 F.3d 528 (8th Cir. 2005).............................................................................................4

*Captiva Lake Investments, LLC v. Ameristructure, Inc.*,
436 S.W.3d 619 (Mo. Ct. App. 2014) ...............................................................................5

*Charles v. Spradling*,
524 S.W.2d 820 (Mo. 1975) ..............................................................................................4

*Chen v. Dunkin' Brands, Inc.*,
954 F.3d 492 (2d Cir. 2020).............................................................................................7

*City of New York v. Smokes-Spirits.Com, Inc.*,
911 N.E.2d 834 (N.Y. 2009).........................................................................................5, 6

*Cohen v. Hertz Corp.*,
No. 13 Civ. 1205(LTS)(AJP), 2013 WL 9450421 (S.D.N.Y. Nov. 26, 2013) ...................7

*Dillon v. U-A Columbia Cablevision of Westchester, Inc.*,
790 N.E.2d 1155 (N.Y. 2003) ...........................................................................................8

ii

*DRMAK Realty LLC v. Progressive Credit Union*,
    18 N.Y.S.3d 618 (App. Div. 2015)........................................................................................8

*Estler v. Dunkin' Brands, Inc.*,
    No. 16 Civ. 932 (LGS), 2016 WL 5720814 (S.D.N.Y. Oct. 3, 2016),
    *aff'd*, 691 F. App'x 3 (2d Cir. 2017) ...............................................................................7

*Feeney v. Dell Inc.*,
    908 N.E.2d 753 (Mass. 2009) ..........................................................................................10

*Femmer v. Sephora USA, Inc.*,
    No. 4:20 CV 676 JMB, 2021 WL 735685 (E.D. Mo. Feb. 25, 2021) ................................4

*Flynn v. CTB, Inc.*,
    No. 1:12-CV-68 SNLJ, 2013 WL 28244 (E.D. Mo. Jan. 2, 2013) ..................................12

*Fredrick v. Bensen Aircraft Corp.*,
    436 S.W.2d 765 (Mo. Ct. App. 1968) .............................................................................11

*Friend v. Cellco Partnership*,
    525 S.W.3d 149 (Mo. Ct. App. 2017) ................................................................. 1, 3, 4, 5

*Gannon International Ltd. v. Blocker*,
    No. 4:10CV835 JCH, 2011 WL 3438886 (E.D. Mo. Aug. 5, 2011),
    *aff'd*, 684 F.3d 785 (8th Cir. 2012) ................................................................................13

*Garrett v. Cassity*,
    No. 4:09CV01252 ERW, 2011 WL 1103637 (E.D. Mo. Mar. 23, 2011) ........................13

*Gerke v. Kansas City*,
    493 S.W.3d 433 (Mo. Ct. App. 2016) .............................................................................12

*Gonzalez v. Green*,
    831 N.Y.S.2d 856 (Sup. Ct., N.Y. Cnty. 2006)..................................................................8

*Goshen v. Mutual Life Insurance Co.*,
    774 N.E.2d 1190 (N.Y. 2002)............................................................................................5

*Guterman v. Costco Wholesale Corp.*,
    342 F. Supp. 3d 468 (S.D.N.Y. 2018), *aff'd*, 927 F.3d 67 (2d Cir. 2019)........................4

*H.S. Construction Co. v. Lohman*,
    950 S.W.2d 331 (Mo. Ct. App. 1997) ............................................................................3, 5

*Imperial Premium Finance, Inc. v. Northland Insurance Co.*,
861 S.W.2d 596 (Mo. Ct. App. 1993) ...................................................................14

*Indian Hills Civic Ass'n v. Indian Lake Property Owners Ass'n, Inc.*,
637 S.W.3d 622 (Mo. Ct. App. 2021) ..................................................................10

*International Business Machines Corp. v. Director of Revenue*,
765 S.W.2d 611 (Mo. 1989) ................................................................................3

*ITT Canteen Corp. v. Spradling*,
526 S.W.2d 11 (Mo. 1975) ..................................................................................6

*Jackson County ex rel. Nixon v. MERSCORP, Inc.*,
915 F. Supp. 2d 1064 (W.D. Mo. 2013) ............................................................13

*Kinkopf v. Triborough Bridge & Tunnel Authority*,
792 N.Y.S.2d 291 (App. Term 2004) ...................................................................7

*Lebowitz v. Dow Jones & Co.*,
508 F. App'x 83 (2d Cir. 2013).............................................................................7

*Long v. Dell, Inc.*,
93 A.3d 988 (R.I. 2014).......................................................................................15

*McLean v. Big Lots Inc.*,
542 F. Supp. 3d 343 (W.D. Pa. 2021) .................................................... 10, 11, 12

*Mercury Machine Importing Corp. v. City of New York*,
144 N.E.2d 400 (N.Y. 1957)................................................................................8

*Morales v. Copy Right, Inc.*,
813 N.Y.S.2d 731 (App. Div. 2006)......................................................................9

*Nguyen v. Capital One Bank (USA), N.A.*,
No. 4:13-CV-1140 (CEJ), 2013 WL 4496280 (E.D. Mo. Aug. 21, 2013) ........15

*Nickel v. Stephens College*,
480 S.W.3d 390 (Mo. Ct. App. 2015) .................................................................14

*Odorite of America, Inc. v. Director of Revenue*,
713 S.W.2d 833 (Mo. 1986) ...............................................................................11

*Parkway Motors v. Thompson*,
825 S.W.2d 302 (Mo. 1992) .................................................................................6

Case 6:23-cv-03184-MDH   Document 18   Filed 09/26/23   Page 5 of 25

*Penalosa Cooperative Exchange v. A.S. Polonyi Co.*,
745 F. Supp. 580 (W.D. Mo. 1990)...............................................................12

*Peters v. Wady Industries, Inc.*,
489 S.W.3d 784 (Mo. 2016) ........................................................................14

*Ranalli v. Etsy.com, LLC*,
570 F. Supp. 3d 301 (W.D. Pa. 2021) ..................................................... 10, 12

*Rockport Pharmacy, Inc. v. Digital Simplistics, Inc.*,
53 F.3d 195, 198 (8th Cir. 1995)..................................................................15

*S & P Properties, Inc. v. University City*,
178 S.W.3d 579 (Mo. Ct. App. 2005) ...........................................................13

*School District of Kansas City v. Smith*,
111 S.W.2d 167 (Mo. 1937) ..........................................................................6

*Schlessinger v. Valspar Corp.*,
991 N.E.2d 190 (N.Y. 2013)...........................................................................7

*Schultz v. Hudson News Distributors, LLC*,
No. 651805/2014, 2015 WL 6087595 (N.Y. Sup. Ct., N.Y. Cnty. Oct. 16, 2015)............ 8

*Shapiro v. Berkshire Life Insurance Co.*,
212 F.3d 121 (2d Cir. 2000)...........................................................................8

*Singh v. NYCTL 2009-A Trust*,
No. 14 Civ. 2558, 2016 WL 3962009 (S.D.N.Y. July 10, 2016),
*aff'd*, 683 F. App'x 76 (2d Cir. 2017) ................................................................7

*Smith v. City of St. Louis*,
409 S.W.3d 404 (Mo. Ct. App. 2013) ...........................................................13

*State ex rel. Lohman v. Brown*,
936 S.W.2d 607 (Mo. Ct. App. 1997) .............................................................4

*Taxes of Puerto Rico, Inc. v. Tax Works, Inc.*,
No. 14-00279-CV-W-GAF, 2014 WL 6604056 (W.D. Mo. June 16, 2014)....................12

*Thompson v. Redflex Traffic Systems, Inc.*,
No. 4:15CV404 RLW, 2016 WL 6464472 (E.D. Mo. Nov. 1, 2016) ..............................14

*Tolu v. Reid*,
    639 S.W.3d 504 (Mo. Ct. App. 2021) ........................................................................12

*Westfall v. Chase Lincoln First Bank, N.A.*,
    685 N.Y.S.2d 181 (App. Div. 1999)..............................................................................9

*Wheeler v. Topps Co.*,
    No. 22 Civ. 2264 (LGS), 2023 WL 405015 (S.D.N.Y. Jan. 25, 2023) ............................6

*Wivell v. Wells Fargo Bank, N.A.*,
    773 F.3d 887 (8th Cir. 2014)......................................................................................15

*Wright v. Publishers Clearing House, Inc.*,
    439 F. Supp. 3d 102 (E.D.N.Y. 2020) ...........................................................................6

*Wurtz v. Rawlings Co.*,
    No. 12-CV-1182 (JMA) (AKT), 2016 WL 7174674 (E.D.N.Y. Nov. 17, 2016) ...........8, 9

*Yang v. Hometown Bank, N.A.*,
    No. 6:22-cv-03253-MDH, 2023 WL 3486977 (W.D. Mo. May 16, 2023).......................2

**STATUTES**

2020 Mo. Laws 763 ................................................................................................................9

Mo. Rev. Stat. § 144.010.1(2) ...............................................................................................1

Mo. Rev. Stat. § 144.020.1......................................................................................................1

Mo. Rev. Stat. § 144.157.1......................................................................................................6

Mo. Rev. Stat. § 144.170..........................................................................................................6

Mo. Rev. Stat. § 144.190................................................................................................ 3, 4, 11, 12

Mo. Rev. Stat. § 144.605..........................................................................................................1

Mo. Rev. Stat. § 144.635.....................................................................................................6, 11

Mo. Rev. Stat. § 144.655..........................................................................................................6

Mo. Rev. Stat. § 144.696..........................................................................................................3

Mo. Rev. Stat. § 407.010(7) .................................................................................................10

Case 6:23-cv-03184-MDH    Document 18    Filed 09/26/23    Page 7 of 25

**Page(s)**

Mo. Rev. Stat. § 407.020.1 ....................................................................................................10

Mo. Rev. Stat. § 407.025.1 ........................................................................ 9, 10, 11, 12

N.Y. Gen. Bus. Law § 349 ........................................................................................5

## REGULATIONS

12 Mo. Code Regs. § 10-102.016 ............................................................... 3, 4, 12, 13

12 Mo. Code Regs. § 10-103.250(2)(c) ....................................................................6

12 Mo. Code Regs. § 10-104.030 .............................................................................6

12 Mo. Code Regs. § 10-113.200(3)(c) .....................................................................1

12 Mo. Code Regs. § 10-114.100(3)(A) ...................................................................6

12 Mo. Code Regs. § 10-117.100(4)(c) .....................................................................1

## OTHER AUTHORITIES

Jennifer J. Artman & Cary Silverman, *Two Years Since MMPA Reform:  How Has It
      Changed Missouri Consumer Litigation?*,
      78 J. Mo. B. 173 (2022) ...............................................................................9

## INTRODUCTION

Through the First Amended Class Action Complaint ("FAC"), Plaintiff Ginger Robertson tries to transform a routine, administrative Missouri local tax matter into a federal consumer class action. Plaintiff contends that Defendant Whitestone Home Furnishings, LLC ("Saatva") collected too much tax on behalf of the Missouri Department of Revenue ("MDOR") in connection with a mattress she ordered from Saatva's website. She purports to assert claims on behalf of a putative class of Missouri consumers for alleged consumer fraud under New York General Business Law ("GBL") § 349 or, alternatively, the Missouri Merchandising Practices Act ("MMPA"), as well as unjust enrichment, money had and received, and negligence.

As a threshold matter, even if Plaintiff were correct that Saatva "erroneously overcharge[d] tax" on her order (and she is not) (FAC ¶ 2),[1] this case does not belong in this Court (or any court for that matter). Missouri law is clear that the "exclusive mechanisms" by which purchasers like Plaintiff may "contest what they believe to have been improperly calculated and collected" sales or use taxes are Missouri's administrative tax refund procedures. *Friend v. Cellco P'ship*, 525 S.W.3d 149, 154 (Mo. Ct. App. 2017).[2] Plaintiff cannot circumvent these exclusive and mandatory state-law procedures by stylizing taxes remitted to the MDOR as "damages." In any event, as shown in detail below, the FAC should also be dismissed with prejudice because each of Plaintiff's five counts fails to state a claim as a matter of law.

## BACKGROUND

Saatva is a premier online retailer of luxury mattresses headquartered in Whitestone, New

---

[1] While the Court need not reach the issue on this motion, all of Plaintiff's claims are also dependent on an erroneous reading of Missouri law, which provides that an out-of-state seller, like Saatva, that relies on in-state agents to establish and maintain a market in Missouri is subject to Missouri sales tax, not use tax. *See* Mo. Rev. Stat. §§ 144.010.1(2), 144.020.1, 144.605(2), (3); 12 Mo. Code Regs. §§ 10-113.200(3)(C), 10-117.100(4)(C).

[2] Unless otherwise noted, all emphasis is added and internal citations and quotation marks are omitted.

York.  (*See* FAC ¶¶ 5-6, 14-15.)  Last September, Plaintiff ordered a king-size, 14.5″ Plush Soft Saatva Classic Mattress (the "Mattress") from Saatva's website.  (*See id.* ¶ 5.)  The Mattress was delivered to Plaintiff's home in Springfield, Missouri.  (*See id.* ¶¶ 5-6.)

Plaintiff asserts that Saatva "misrepresent[ed] the amount of tax owed" and "erroneously overcharge[d] tax monies" on her Mattress order.  (*Id.* ¶¶ 2, 11.)  She contends that the tax rate applicable to her order was 4.225%, and alleges that Saatva collected tax on behalf of the MDOR at a higher rate, which she claims resulted in her "pay[ing] $74.40 more than she owed" in taxes. (*Id.* ¶¶ 6, 13.)  Rather than engage in the exclusive, mandatory administrative process for redressing alleged overpayments of Missouri sales or use tax, Plaintiff filed suit in New York federal court asserting claims under the MMPA and for unjust enrichment and money had and received.  (*See* Compl., *Robertson v. Whitestone Home Furnishings, LLC*, No. 1:23-cv-00764-FB-JRC, ECF No. 1 (E.D.N.Y. Feb. 2, 2023).)  She voluntarily dismissed that action after a pre-motion conference about Saatva's anticipated motion to dismiss.  On June 21, 2023, Plaintiff re-filed her suit in this Court, this time adding an alternative consumer fraud claim under GBL § 349.  (*See* ECF No. 1.)  On August 22, 2023, Saatva moved to dismiss Plaintiff's original complaint.  (*See* ECF Nos. 11-12.)  Rather than oppose Saatva's motion, Plaintiff filed the FAC, adding a claim for negligence.  (*See* FAC ¶¶ 60-64.)  Plaintiff purports to represent a putative class of Missouri consumers who purchased products through Saatva's website.  (*See id.* ¶ 19.)

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Yang v. Hometown Bank, N.A.*, No. 6:22-cv-03253-MDH, 2023 WL 3486977, at *2 (W.D. Mo. May 16, 2023) (Harpool, J.).  A claim lacks facial

2

plausibility, and must be dismissed, when it does not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The FAC fails to state a claim as a matter of law, and should be dismissed in its entirety.

## I.   THE MISSOURI TAX REFUND PROCEDURE IS EXCLUSIVE

As a threshold matter, the FAC should be dismissed as an improper end run around the exclusive administrative procedures for Missouri consumers to redress alleged "erroneously or illegally collected" sales or use taxes. Mo. Rev. Stat. § 144.190.2; *see also* 12 Mo. Code Regs. § 10-102.016.[3] For a "purchaser" (like Plaintiff) seeking to recover sales or use tax "originally paid . . . to a vendor or seller," Mo. Rev. Stat. § 144.190.4, the purchaser "must first seek a refund from the seller." 12 Mo. Code Regs. § 10-102.016(2)(B). The seller may then either "file a claim on behalf of the purchaser" with the MDOR or "provide an assignment of rights to the purchaser to file the claim for refund." *Id.*; *see also* Mo. Rev. Stat. § 144.190.4(1). If the MDOR determines that the tax "has been erroneously or illegally collected," the tax "shall be refunded" as long as it is not credited against other taxes owed. Mo. Rev. Stat. § 144.190.2.

The Missouri Supreme Court has "consistently held that taxes, once paid, can only be recovered through proper statutory proceedings, and that the statutes must be adhered to." *Ackerman Buick, Inc. v. St. Louis Cnty.*, 771 S.W.2d 343, 346 (Mo. 1989) (collecting cases); *accord Int'l Bus. Machs. Corp. v. Dir. of Rev.*, 765 S.W.2d 611, 612 n.5 (Mo. 1989). And Missouri courts have repeatedly held that "Section 144.190 provides the *exclusive mechanisms* by which citizens may contest what they believe to have been improperly calculated and collected tax assessments." *Friend*, 525 S.W.3d at 154; *see also H.S. Constr. Co. v. Lohman*, 950 S.W.2d 331, 333 (Mo. Ct. App. 1997) (same). Missouri courts have thus rejected attempts

---

[3] Section 144.190 applies to both sales tax and use tax overcollection disputes. *See* Mo. Rev. Stat. § 144.696.

(like this one) to recover alleged tax overpayments through class action litigation, which is not authorized by Section 144.190. *See Charles v. Spradling*, 524 S.W.2d 820, 823 (Mo. 1975); *State ex rel. Lohman v. Brown*, 936 S.W.2d 607, 610 (Mo. Ct. App. 1997).[4]

Because the refund mechanisms provided by Section 144.190 are "exclusive," the Missouri Court of Appeals affirmed dismissal of a lawsuit brought by a consumer under the MMPA against Verizon Wireless claiming that the company erroneously billed him for taxes that he did not owe. *Friend*, 525 S.W.3d at 150-51, 154. Relying on the provisions of Section 144.190 applicable to customers of "mobile telecommunications service," Mo. Rev. Stat. § 144.190.7, the court explained that the procedures set forth in Section 144.190 were "mandatory" and "must be adhered to by a taxpayer to contest the taxation determination of" Verizon Wireless. *Friend*, 525 S.W.3d at 154. The plaintiff's failure to follow "the mandatory provisions of section 144.190.7" required dismissal of his MMPA claim. *Id.*

Here, the provisions of Section 144.190 applicable to "a purchaser that originally paid sales or use tax to a vendor or seller," Mo. Rev. Stat. § 144.190.4, are equally "mandatory." *Friend*, 525 S.W.3d at 154.[5] Like the plaintiff in *Friend*, Plaintiff seeks a "return [of] 'tax'

---

[4] New York courts have similarly held that plaintiffs cannot use GBL § 349 to circumvent New York's exclusive procedures for redressing alleged overcollections of New York sales or use tax. *See, e.g.*, *Guterman v. Costco Wholesale Corp.*, 342 F. Supp. 3d 468, 480-81 (S.D.N.Y. 2018) (collecting cases), *aff'd*, 927 F.3d 67 (2d Cir. 2019).

[5] Because the FAC invokes this Court's diversity jurisdiction (FAC ¶ 16), decisions from the Missouri Court of Appeals "are 'particularly relevant' and must be followed when they are the best evidence of Missouri law." *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005). Accordingly, the Court should not follow *Femmer v. Sephora USA, Inc.*, No. 4:20 CV 676 JMB, 2021 WL 735685 (E.D. Mo. Feb. 25, 2021), an unreported decision that allowed a Missouri consumer to proceed with a putative class action asserting claims like those presented here. *See id.* at *9. To do so, the magistrate judge erroneously limited *Friend* to its facts and distinguished decades of binding Missouri precedent as applying only to cases against the MDOR that implicated sovereign immunity considerations. *Id.* at *7-9. *Friend* was not so limited, *see Friend*, 525 S.W.3d at 154, and the Missouri Supreme Court has made clear that, apart from sovereign immunity, "the remedy of a refund" under Section 144.190 is "the exclusive remedy" to further the "public policy" of "discourag[ing] suits" to "recover[] taxes alleged to have been illegally levied and collected." *Charles*, 524 S.W.2d at 823; *see also B & D Inv. Co. v. Schneider*, 646 S.W.2d 759, 762 (Mo. 1983) (same). The *Sephora* court also apparently did not consider Missouri's tax regulations, which underscore the exclusive nature of Section 144.190. *See* 12 Mo. Code Regs. § 10-102.016.

4

monies" allegedly collected "in violation of" Missouri tax law.  (FAC ¶¶ 22(f), 43; *see also, e.g.*, *id.* ¶ 63 (alleging "damages in the form of excessive taxes paid")).)  Consequently, she must pursue her claim in accordance with Section 144.190.  *See Friend*, 525 S.W.3d at 154.  The Court may not "judicially amend" these "exclusive" procedures and "provide for different or additional process of arranging for taxpayer refunds."  *H.S. Constr. Co.*, 950 S.W.2d at 333.

## II.  THE FAC FAILS TO STATE A CLAIM AS A MATTER OF LAW

Even if Plaintiff's claims could be heard in this Court (and, respectfully, they cannot), the FAC still should be dismissed because none of the five pleaded counts states a claim.

### A.  The FAC Does Not State a Claim Under GBL § 349 (Count I)

To state a claim under GBL § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice."  *City of New York v. Smokes-Spirits.Com, Inc.*, 911 N.E.2d 834, 838 (N.Y. 2009).  In addition, the allegedly deceptive conduct must occur within the state of New York.  *See* GBL § 349(a).

#### 1.  GBL § 349 Does Not Apply to Alleged Deception in Missouri

As a threshold matter, the FAC does not (and cannot) allege an essential element of a GBL § 349 claim:  that the allegedly deceptive conduct occurred in New York.  GBL § 349 provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service *in this state* are hereby declared unlawful."  GBL § 349(a). Construing the statutory phrase "in this state," the New York Court of Appeals has held that an act or practice is not "prohibited" under GBL § 349 unless "the deception of a consumer" occurs in New York.  *Goshen v. Mut. Life Ins. Co.*, 774 N.E.2d 1190, 1195-96 (N.Y. 2002).

Plaintiff does not allege any facts even suggesting that she was deceived in New York. Rather, she alleges that she bought her Mattress through Saatva's website for delivery in

Missouri, and asserts claims on behalf of a putative class of similarly situated consumers. (*See* FAC ¶¶ 5, 19.) Indeed, she alleges that "the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from th[e] [Western] District [of Missouri]." (*Id.* ¶ 17.) The only New York nexus alleged is Saatva's principal place of business, from which she alleges Saatva "operates its internet website and processes customer payments." (*Id.* ¶¶ 14-15.) Courts routinely hold that these same allegations, without more, cannot overcome GBL § 349's territorial limitations. *See, e.g.*, *Wheeler v. Topps Co.*, No. 22 Civ. 2264 (LGS), 2023 WL 405015, at \*3 (S.D.N.Y. Jan. 25, 2023) (collecting cases); *Wright v. Publishers Clearing House, Inc.*, 439 F. Supp. 3d 102, 110 (E.D.N.Y. 2020) (same).

### 2. The Collection of Tax Is Not "Consumer-Oriented" Conduct

Plaintiff also does not (and cannot) allege that the collection of taxes on behalf of the MDOR is "consumer-oriented" conduct. *See Smokes-Spirits.Com*, 911 N.E.2d at 839. Under Missouri law, Saatva is charged with "collect[ing] from the [consumer] an amount equal to the percentage on the sale price imposed by" Missouri law, and remitting such amounts to the MDOR. Mo. Rev. Stat. § 144.635; *see also id.* §§ 144.655.1, 144.655.6; 12 Mo. Code Regs. §§ 10-103.250(2)(C), 10-114.100(3)(A); *Parkway Motors v. Thompson*, 825 S.W.2d 302, 304 (Mo. 1992) (describing sellers as "involuntary collectors of [Missouri] sales tax").[6] Saatva merely "is the agent or conduit through which the state seeks to facilitate the accounting for and the collection of the tax." *Sch. Dist. of Kansas City v. Smith*, 111 S.W.2d 167, 168 (Mo. 1937). Missouri at all times remains the "equitable owner" of taxes collected by Saatva, *Parkway Motors*, 825 S.W.2d at 304, and Saatva, as an "agent[] for the State," has "no personal interest in the amounts so received," *ITT Canteen Corp. v. Spradling*, 526 S.W.2d 11, 17-18 (Mo. 1975).

---

[6] A seller's failure to timely remit collected sales or use taxes results in penalties. *See, e.g.*, Mo. Rev. Stat. §§ 144.157.1, 144.170; 12 Mo. Code Regs. § 10-104.030.

6

New York courts have consistently held that the collection of sales and use taxes is "merely a ministerial act" that "is not consumer-oriented," and thus cannot support a GBL § 349 claim. *Estler v. Dunkin' Brands, Inc.*, No. 16 Civ. 932 (LGS), 2016 WL 5720814, at *3 (S.D.N.Y. Oct. 3, 2016), *aff'd*, 691 F. App'x 3 (2d Cir. 2017); *see also Singh v. NYCTL 2009-A Tr.*, No. 14 Civ. 2558, 2016 WL 3962009, at *12 (S.D.N.Y. July 20, 2016) ("collection of mandatory water, sewer and tax charges" was "not a consumer oriented transaction"), *aff'd*, 683 F. App'x 76 (2d Cir. 2017); *Kinkopf v. Triborough Bridge & Tunnel Auth.*, 792 N.Y.S.2d 291, 292 (App. Term 2004) ("tolls are in essence a use tax" and "the collection of [the] same is not a consumer oriented transaction" subject to GBL § 349). Saatva's collection of tax is no different.

### 3. The Alleged Overcollection of Tax Is Not a Deceptive Act or Practice

Plaintiff's claim under GBL § 349 also fails because she has not alleged a deceptive act or practice. "Section 349 does not grant a private remedy for every improper or illegal business practice, but only for conduct that tends to deceive consumers." *Schlessinger v. Valspar Corp.*, 991 N.E.2d 190, 193 (N.Y. 2013). "'Deceptive acts' are acts that are likely to mislead a reasonable consumer acting reasonably under the circumstances." *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (interpreting GBL § 349).

Plaintiff could not have been deceived by Saatva's alleged overcollection of tax on her Mattress order because the amount of tax to be collected was fully disclosed to her before she completed her purchase. (*See* FAC ¶ 7.) "When the terms of a bargain are fully disclosed to the plaintiff prior to acceptance, then there is no deceptive omission giving rise to a Section 349 claim." *Lebowitz v. Dow Jones & Co.*, 508 F. App'x 83, 85 (2d Cir. 2013). For this reason, courts have dismissed GBL § 349 claims under facts analogous to those alleged here. *See, e.g.*, *Cohen v. Hertz Corp.*, No. 13 Civ. 1205(LTS)(AJP), 2013 WL 9450421, at *1, *5 n.6 (S.D.N.Y. Nov. 25, 2013) ("alleged miscalculations of sales tax" on car rental were not recoverable when

7

"the terms of the bargain were fully disclosed to [p]laintiff prior to his acceptance of the car rental"); *Schultz v. Hudson News Distribs., LLC*, No. 651805/2014, 2015 WL 6087595, at \*3 (N.Y. Sup. Ct., N.Y. Cnty. Oct. 16, 2015) (trial order) (dismissing claim that defendant unlawfully charged sales tax on iced tea because plaintiff "was apprised of the 'price increase' at the time of sale" and "paid no more than he was told he would pay").[7]

### 4. Plaintiff's Claim Is Barred by the Voluntary Payment Doctrine

Finally, even if the FAC could be read to state a claim under GBL § 349, the voluntary payment doctrine provides a complete defense. *See Wurtz v. Rawlings Co.*, No. 12-CV-1182 (JMA) (AKT), 2016 WL 7174674, at \*5-8 (E.D.N.Y. Nov. 17, 2016) (collecting New York cases). That doctrine "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law." *Dillon v. U-A Columbia Cablevision of Westchester, Inc.*, 790 N.E.2d 1155, 1156 (N.Y. 2003). Despite this general rule, the New York Court of Appeals has held that "taxes paid without protest cannot be recovered merely for mistake of law." *Mercury Mach. Importing Corp. v. City of New York*, 144 N.E.2d 400, 404 (N.Y. 1957). Thus, Plaintiff must allege that she made a payment as a result of fraud or mistake of material fact. In addition, "[t]he onus is on a party that receives what it perceives as an improper demand for money to take its position at the time of the demand . . . ." *DRMAK Realty LLC v. Progressive Credit Union*, 18 N.Y.S.3d 618, 621 (App. Div. 2015).

Here, Plaintiff cannot plausibly show that she paid excess taxes "under a mistake of fact" (FAC ¶ 53.) For example, Plaintiff does not allege that Saatva made any affirmative misrepresentations about either the terms of her purchase or Missouri tax law. *See Gonzalez v.*

---

[7] Insofar as Plaintiff contends that Saatva's alleged overcollection of tax was "erroneous[]" or mistaken (FAC ¶ 2), an act or practice "is not deceptive simply because it is mistaken." *Shapiro v. Berkshire Life Ins. Co.*, 212 F.3d 121, 127 (2d Cir. 2000) (interpreting GBL § 349). This is particularly true here because Plaintiff does not allege any facts suggesting that Saatva failed to remit the collected taxes to the MDOR. *See Schultz*, 2015 WL 6087595, at \*3.

*Green*, 831 N.Y.S.2d 856, 861 (Sup. Ct., N.Y. Cnty. 2006); *cf. Wurtz*, 2016 WL 7174674, at *8. Rather, she alleges that Saatva sought to collect more tax than it should have on her order, and she paid it without protest. (*See* FAC ¶¶ 6, 12, 30-31.) The voluntary payment doctrine thus applies in this case. *See, e.g.*, *Morales v. Copy Right, Inc.*, 813 N.Y.S.2d 731, 732-33 (App. Div. 2006); *Westfall v. Chase Lincoln First Bank, N.A.*, 685 N.Y.S.2d 181, 182 (App. Div. 1999).

**B.      The FAC Does Not State a Claim Under the MMPA (Count II)**

Plaintiff's MMPA claim likewise fails as a matter of law. To state a claim under the MMPA, a plaintiff must allege that (1) she purchased merchandise from the defendant, (2) for personal, family, or household purposes and (3) suffered an ascertainable loss (4) as a result of an act declared unlawful under the statute. *See* Mo. Rev. Stat. § 407.025.1(1). And since the Missouri Legislature amended the MMPA in 2020, *see* 2020 Mo. Laws 763, 765 (codified as amended at Mo. Rev. Stat. § 407.025.1),[8] a plaintiff seeking damages under the MMPA must *also* plead that (5) she "acted as a reasonable consumer would in light of all circumstances" and (6) the alleged unlawful act or practice "would cause a reasonable person to enter into the transaction" that allegedly resulted in damages. Mo. Rev. Stat. § 407.025.1(2). The MMPA now expressly empowers courts to "dismiss a claim as a matter of law where the claim fails to show a likelihood that the method, act, or practice alleged to be unlawful would mislead a reasonable consumer." *Id.* § 407.025.1. Plaintiff fails to plead at least three of these elements.

**1.      Plaintiff Has Not Alleged an Act or
Practice in "Trade" or "Commerce"**

Plaintiff's MMPA claim should be dismissed because the FAC does not allege "a

---

[8] The Missouri Legislature amended the MMPA as part of a tort reform effort to curb perceived abuses of the statute by putative consumer class action plaintiffs and make it easier for defendants to obtain early dismissal of a claim. *See generally* Jennifer J. Artman & Cary Silverman, *Two Years Since MMPA Reform: How Has It Changed Missouri Consumer Litigation?*, 78 J. Mo. B. 173, 173-74 (2022) (describing MMPA amendments).

method, act or practice declared unlawful" by the MMPA. *Id.* § 407.025.1(1). Under the MMPA, an "unlawful practice" must occur "in trade or commerce." *Id.* § 407.020.1. "Trade" or "commerce" is statutorily limited to "the advertising, offering for sale, sale, or distribution, or any combination thereof, of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situated." *Id.* § 407.010(7); *see also Indian Hills Civic Ass'n v. Indian Lake Prop. Owners Ass'n, Inc.*, 637 S.W.3d 622, 632 (Mo. Ct. App. 2021) ("'Commerce' under the MMPA is not so wide as to cover every economic interaction contemplable[.]"). The collection of tax on behalf of the MDOR pursuant to a statutory obligation to do so is none of these things.

As shown above (*see supra* § II(A)(2)), Saatva's collection of tax on behalf of the MDOR is an activity "divorced from private profit." *McLean v. Big Lots Inc.*, 542 F. Supp. 3d 343, 350 (W.D. Pa. 2021). For this reason, courts addressing the issue under near-identical statutes in other states have held that the collection of tax on behalf of the state is not "trade" or "commerce" and thus cannot constitute an unlawful practice as a matter of law. *See, e.g.*, *Ranalli v. Etsy.com, LLC*, 570 F. Supp. 3d 301, 307 (W.D. Pa. 2021); *Feeney v. Dell Inc.*, 908 N.E.2d 753, 770 (Mass. 2009); *Blass v. Rite Aid of Conn., Inc.*, 16 A.3d 855, 863 (Conn. Super. Ct. 2009), *aff'd*, 16 A.3d 737 (Conn. App. Ct. 2011). The Court should do the same here.

### 2. Plaintiff Does Not Allege that the Tax Rate Saatva Collects Would Cause a Reasonable Person to Purchase a Mattress

Plaintiff's MMPA claim also fails because she does not allege that Saatva's purported overcollection of taxes "would mislead a reasonable consumer" or "cause a reasonable person" to purchase a mattress. Mo. Rev. Stat. § 407.025.1. Nor could she. The suggestion that "overcharg[ing] tax monies" would *cause* a reasonable consumer to buy a product belies common sense. (FAC ¶ 2.) "[A] retailer has little incentive to engage in 'deceptive' or 'unfair'

practices by charging more than it must at the expense of its competitors charging a better price." *Big Lots*, 542 F. Supp. 3d at 351. Plaintiff's claim might be different if she alleged that Saatva collected *less* tax than its competitors and thereby caused consumers to buy Saatva's products to their detriment (at least insofar as they are assessed tax penalties for underpayment of tax).

Nonetheless, Plaintiff attempts to dress up a routine tax refund claim in a cloak of deception by claiming that Saatva "represented to Plaintiff at the time of check-out" the "amount of tax due on the transaction," and that she "reasonably understood that this was the correct amount of tax due." (FAC ¶ 7.) But that "representation" is just the statement of the amount of tax to be collected that Missouri law requires Saatva to provide. *See* Mo. Rev. Stat. § 144.635. Plaintiff alleges no other purported misrepresentations by Saatva about the nature of her transaction or the Mattress she purchased. Indeed, if Plaintiff's theory of deception were correct, every alleged tax overpayment would trigger the MMPA. This is precisely what the Missouri Legislature foreclosed by enacting the exclusive administrative procedures for redressing alleged "erroneously or illegally computed" sales or use taxes. Mo. Rev. Stat. § 144.190.2.[9]

Plaintiff cannot save her MMPA claim by asserting that Saatva's alleged tax collection practices were "unfair," and thus unlawful, because they were "unethical." (FAC ¶ 41 (citing 15 Mo. Code Regs. § 60-8.020).) The interpretive regulation relied on by Plaintiff predates the Missouri Legislature's narrowing of the MMPA in the 2020 amendments by twenty-six years. *See* Mo. Rev. Stat. § 407.025.1. It is no longer enough to allege merely that an act or practice is "unethical." *See id.*[10] Plaintiff's inability to plead reasonableness and causation requires

---

[9] In addition, the question of the "required amount" of tax is a question of law that cannot support a fraud claim. *See Odorite of Am., Inc. v. Dir. of Rev.*, 713 S.W.2d 833, 839 (Mo. 1986) ("question of what constitutes a 'wholesale sale' or 'sale for resale' or 'sale at retail'" under the Missouri tax code "is a question of law"); *see also Fredrick v. Bensen Aircraft Corp.*, 436 S.W.2d 765, 770 (Mo. Ct. App. 1968) (collecting cases).

[10] Even if allegations of "unethical" conduct alone were sufficient to state a claim under the MMPA, Plaintiff does

dismissal of her MMPA claim with prejudice.  *See Bell v. Annie's, Inc.*, No. 4:22-cv-01367-MTS, 2023 WL 3568623, at *6 (E.D. Mo. May 18, 2023) (dismissing MMPA claim); *Tolu v. Reid*, 639 S.W.3d 504, 538 (Mo. Ct. App. 2021) (affirming dismissal of MMPA claim).

### 3.      Plaintiff Does Not Allege an Ascertainable Loss

Finally, Plaintiff's MMPA claim should be dismissed because she cannot allege "an ascertainable loss of money or property."  Mo. Rev. Stat. § 407.025.1.  As shown above (*see supra* § I), even if Plaintiff is correct that Saatva "overcollect[ed]" tax in connection with her Mattress order (FAC ¶ 2), her remedy would be to request a refund from the MDOR.  *See* Mo. Rev. Stat. § 144.190.4; 12 Mo. Code Regs. § 10-102.016.  Courts have concluded that plaintiffs failed to allege an ascertainable loss in analogous circumstances.  *See, e.g.*, *Etsy.com*, 570 F. Supp. 3d at 307; *Big Lots*, 542 F. Supp. 3d at 353-54.  The Court should conclude the same here.

## C.      <u>Plaintiff's Duplicative Equitable Claims Fail as a Matter of Law (Counts III and IV)</u>

Plaintiff's equitable claims for unjust enrichment (Count III) and money had and received (Count IV) similarly fail as a matter of law.  Under Missouri law, "claims for unjust enrichment and money had and received are essentially the same."  *Blair v. City of Hannibal*, 179 F. Supp. 3d 901, 911 (E.D. Mo. 2016) (citing *Fulton Nat'l Bank v. Callaway Mem'l Hosp.*, 465 S.W.2d 549, 553 (Mo. 1971)).[11]  Both claims require allegations that the defendant unjustly retained a benefit conferred by plaintiff.  *See Gerke v. Kansas City*, 493 S.W.3d 433, 438 (Mo. Ct. App. 2016).  Plaintiff's equitable claims fail for four separate and independent reasons.

---

not allege *any* facts supporting an inference of unethical conduct, such as facts suggesting that Saatva did not remit the taxes it collected to the MDOR in derogation of its statutory obligations.  (*See supra* note 7; *infra* § II(C).).

[11] Under the "most significant relationship" test, Missouri law applies to Plaintiff's common law claims because Plaintiff bought her Mattress in Missouri and allegedly was injured there, all of the putative class members reside in Missouri and Saatva does business in Missouri.  *See Flynn v. CTB, Inc.*, No. 1:12-CV-68 SNLJ, 2013 WL 28244, at *6 (E.D. Mo. Jan. 2, 2013) (unjust enrichment); *Penalosa Co-op. Exch. v. A.S. Polonyi Co.*, 745 F. Supp. 580, 582-83 (W.D. Mo. 1990) (money had and received); *see also Taxes of P.R., Inc. v. Tax Works, Inc.*, No. 14-00279-CV-W-GAF, 2014 WL 6604056, at *3 (W.D. Mo. June 16, 2014) (Fenner, J.) (negligence).

*First*, Plaintiff does not plausibly allege that Saatva retained any allegedly conferred benefit. For example, she does not allege any *facts* supporting a plausible inference that Saatva did not comply with its statutory obligation to remit collected taxes to the MDOR. *See, e.g.*, *Jackson County ex rel. Nixon v. MERSCORP, Inc.*, 915 F. Supp. 2d 1064, 1070-71 (W.D. Mo. 2013) (rejecting argument that defendant was unjustly enriched by "priority conferred by the Missouri [real property] recording statutes" when plaintiff did not allege that defendants "fail[ed] to pay the applicable recording fees"); *Gannon Int'l Ltd. v. Blocker*, No. 4:10CV835 JCH, 2011 WL 3438886, at *4 (E.D. Mo. Aug. 5, 2011) (defendant did not retain benefit of funds transferred to third party), *aff'd*, 684 F.3d 785 (8th Cir. 2012). Plaintiff's conclusory recitation of the elements of her claims (*see* FAC ¶¶ 52, 54, 58) is insufficient. *See Iqbal*, 556 U.S. at 678.

*Second*, equitable theories are improper when a plaintiff has an "adequate statutory remedy available." *S & P Props., Inc. v. Univ. City*, 178 S.W.3d 579, 584 (Mo. Ct. App. 2005). As shown above (*see supra* § I), Missouri's tax refund procedures provide an adequate (and exclusive) statutory remedy. *See Ackerman Buick*, 771 S.W.2d at 345 (affirming dismissal of unjust enrichment claim seeking recovery of taxes paid).

*Third*, Plaintiff's claims for unjust enrichment and money had and received are entirely duplicative of her consumer fraud claims and seek the same relief: return of the allegedly overcollected taxes. (*Compare* FAC ¶¶ 31, 43, *with id.* ¶¶ 52, 59.) Courts have dismissed similar claims in analogous circumstances. *See, e.g.*, *Garrett v. Cassity*, No. 4:09CV01252 ERW, 2011 WL 1103637, at *4-5 (E.D. Mo. Mar. 23, 2011).

*Finally*, Plaintiff's equitable claims are barred by Missouri's voluntary payment doctrine. *See Smith v. City of St. Louis*, 409 S.W.3d 404, 419 (Mo. Ct. App. 2013). Under this doctrine, a "payor cannot recover" a payment voluntarily made "on the ground that the payment was made

13

under a mistake of law." *Thompson v. Redflex Traffic Sys., Inc.*, No. 4:15CV404 RLW, 2016 WL 6464472, at *4 (E.D. Mo. Nov. 1, 2016). Plaintiff cannot recover any alleged overpayment of taxes voluntarily paid by claiming that she purportedly was "under the false impression that the demand [that she pay $155.52 in taxes] was legal." *Id.*; *see also Blair*, 179 F. Supp. 3d at 914 (dismissing claims when plaintiffs voluntarily "paid their fines under a mistake of law").

**D.**      <u>**Plaintiff's Negligence Claim Fails as a Matter of Law (Count V)**</u>

Finally, Plaintiff's negligence claim fails because the duty that she asserts Saatva owed her—namely, "a duty to exercise reasonable care to determine, represent, charge and collect the correct amount of tax" (FAC ¶ 61)—is not one that exists. To state a negligence claim, a plaintiff must plead, *inter alia*, that the defendant owed a duty to the plaintiff. *See Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 793 (Mo. 2016). Whether Saatva owed Plaintiff a duty "is purely a question of law." *Id.* at 793-94. "A legal duty may arise under law, contract, or from the legislature." *Blevins v. Am. Fam. Mut. Ins. Co.*, 423 S.W.3d 837, 841 (Mo. Ct. App. 2014).

Here, as shown above (*see supra* § II(A)(2)), any statutory duty Saatva owed with respect to calculating, collecting and remitting taxes was owed to the MDOR, and not Plaintiff. "There is simply nothing in the [Missouri tax code] that suggests that it was the legislature's intent to make" an alleged overcollection of tax "actionable in negligence." *Nickel v. Stephens Coll.*, 480 S.W.3d 390, 403 n.11 (Mo. Ct. App. 2015); *see also Imperial Premium Fin., Inc. v. Northland Ins. Co.*, 861 S.W.2d 596, 599 (Mo. Ct. App. 1993) (statutory obligation for insurer to "return whatever gross unearned premiums are due under [a cancelled financed] insurance contract to the premium finance company" did "not create a duty of care by the insurer to the premium finance company"). To the contrary, the Missouri Legislature provided an exclusive remedy for claims like Plaintiff's in Section 144.190 of the Missouri Revised Statutes. (*See supra* § I.)

Plaintiff also does not allege any facts suggesting a duty implied by contract or otherwise

14

imposed by law.  The Supreme Court of Rhode Island addressed this exact same issue in *Long v. Dell, Inc.*, 93 A.3d 988 (R.I. 2014), where it held that the computer retailer and its affiliates "did not owe a legal duty to plaintiffs regarding the collection of taxes" on their products and services.  *Id.* at 999.  The court explained that "[i]t would be untenable to make retailers subject to state penalties for under-collection and a civil suit for over-collection," and further noted that overcharging sales tax "serves no business purpose" since "it increases the price to consumers" without "increas[ing] the profits of the business because the money collected is simply remitted to the state."  *Id.*  As shown above (*see supra* § II(C)), the FAC does not allege any facts suggesting that Saatva did not remit all collected taxes to the MDOR.[12]

In any event, Plaintiff's negligence claim is barred by the economic loss doctrine.  "Missouri prohibits a cause of action in tort where the losses are purely economic."  *Rockport Pharmacy, Inc. v. Digit. Simplistics, Inc.*, 53 F.3d 195, 198 (8th Cir. 1995).  A limited exception to this rule applies in "cases where there is personal injury, damage to property other than that sold, or destruction of the property sold due to some violent occurrence."  *Capitva Lake Invs., LLC v. Ameristructure, Inc.*, 436 S.W.3d 619, 628 (Mo. Ct. App. 2014).  As in *Capitiva*, "[n]one of those scenarios is alleged here."  *Id.*  Rather, Plaintiff seeks "monetary damages in the form of excessive taxes paid."  (FAC ¶ 63.)  "These constitute economic losses not recoverable on a negligence theory."  *Rockport Pharmacy*, 53 F.3d at 198.

## CONCLUSION

The Court should dismiss the FAC in its entirety with prejudice.

---

[12] Courts routinely hold that no duty exists in arm's-length transactions.  *See, e.g.*, *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 900 (8th Cir. 2014) (no duty from lender to "[]properly apply[] payments, calculat[e] interest and fees, and servic[e] the loan"); *Nguyen v. Capital One Bank (USA), N.A.*, No. 4:13-CV-1140 (CEJ), 2013 WL 4496280, at *3 (E.D. Mo. Aug. 21, 2013) (no duty for bank to "prevent [customer] from exceeding his credit card limits").

15

Dated: September 26, 2023

Respectfully submitted,

**BATY OTTO CORONADO SCHEER PC**

 */s/ Randy P. Scheer*
Randy P. Scheer  #37214
1855 South Ingram Mill Road, Suite 207
Springfield, Missouri 65804
(417) 281-5100
rscheer@batyotto.com


**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**

Robert A. Fumerton (*pro hac vice*)
Patrick G. Rideout (*pro hac vice*)
Christopher R. Fredmonski (*pro hac vice*)
One Manhattan West
New York, New York 10001
(212) 735-3000
robert.fumerton@skadden.com
patrick.rideout@skadden.com
christopher.fredmonski@skadden.com

*Attorneys for Defendant*
*Whitestone Home Furnishings, LLC*

16

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this the 26th day of September, 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification to the following counsel of record:

**BURSOR & FISHER, P.A.**

Yitzchak Kopel
1330 Avenue of the Americas
32nd Floor
New York, New York 10019
(646) 837-7150
ykopel@bursor.com

*Attorney for Plaintiff*

 */s/ Randy P. Scheer*
Randy P. Scheer

17