IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GINGER ROBERTSON, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>   v.<br><br>WHITESTONE HOME FURNISHINGS, LLC d/b/a Saatva,<br><br>                  Defendant. | Case No. 23-3184-CV-S-MDH |

## ORDER

Before this Court is Defendant's Motion to Dismiss. (Doc. 17). Defendant moves to dismiss Plaintiff's First Amended Class Action Complaint arguing Plaintiff's claims are barred by the Missouri tax refund procedure and fails to state a claim. The motion is fully briefed. For the reasons set forth herein, the motion is denied.

## BACKGROUND

Plaintiff's claims stem for the purchase of a mattress from defendant Whitestone Home Furnishings, LLC (or "Saatva"). Plaintiff alleges Defendant misrepresented, and then subsequently overcharged, the amount of tax owed on the transaction. Saatva is an online retailer of mattresses headquartered in Whitestone, New York. Plaintiff ordered a king-size mattress from Saatva's website. The mattress was delivered to Plaintiff's home in Springfield, Missouri. Plaintiff asserts that Saatva misrepresented the amount of tax owed and erroneously overcharged tax monies on her mattress order. Plaintiff contends that the tax rate applicable to her order was 4.225% and that Saatva collected tax on behalf of the MDOR at a higher rate. Plaintiff claims she paid $74.40 more than she owed in taxes based on Defendant's actions.

1

Plaintiff brings five claims against Saatva: Count 1: Deceptive Acts or Practices, New York Gen. Bus. Law § 349; Count II: Violation of the Missouri Merchandising Practices Act (In the alternative to Count I); Count III: Unjust Enrichment; Count IV: Money Had and Received; and Count V: Negligence.

Defendant moves to dismiss Plaintiff's claims arguing the Missouri Tax Refund Procedure is Plaintiff's exclusive remedy; that the FAC fails to state a claim under either the § 349 or the MMPA; and that Plaintiff's equitable and negligence claims also fail.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Yang v. Hometown Bank, N.A.*, No. 6:22-cv-03253-MDH, 2023 WL 3486977, at *2 (W.D. Mo. May 16, 2023). A claim lacks facial plausibility, and must be dismissed, when it does not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

**Missouri's Tax Refund Statute**

First, Defendant argues that the FAC should be dismissed because an exclusive administrative remedy exists for Missouri consumers to redress alleged erroneously or illegally collected sales or use taxes. Citing Mo. Rev. Stat. §144.190.2. Defendant relies on *Friend v. Cellco P'ship*, 525 S.W.3d 149, 154 (Mo. Ct. App. 2017) arguing that Missouri law is clear that Plaintiff's claims are barred by this Missouri statute.

However, the court in *Femmer v. Sephora USA, Inc.*, No. 4:20 CV 676 JMB, 2021 WL 735685, at *9 (E.D. Mo. Feb. 25, 2021) discussed that the application of the statute in *Friend v. Cellco P'ship* specifically applied "special rules" for tax claims against telecommunications providers. In *Femmer* the defendant was a retailer, and not a telecommunication provider, and the court found the analysis was inapplicable. Here, the facts alleged in this case are similar to *Femmer* in which the plaintiff alleged the defendant engaged in a practice of applying a charge for miscalculated taxes. The remedy sought by Plaintiff is not a tax refund but damages for the practice that is alleged to be unlawful, unfair, unethical, and profitable to defendant. *Id.* As a result, this Court finds the reasoning in *Femmer* is applicable here. Plaintiff is not seeking a tax refund but is alleging damages based on Defendant's unlawful conduct.

In addition, as set forth by Plaintiff, even if § 144.190 applied to Plaintiff's claims, which the Court does not find, courts have also found that the statute is not an exclusive remedy when the defendant is a retailer. *See e.g., Schott v. Target Corp.*, No. 1722-CC10672, 2018 WL 11511282, at *1 (Mo. Cir. June 08, 2018) ("No case has interpreted the procedure allowed by § 144.190.4 to be mandatory.").

For all these reasons, the Court denies Defendant's motion to dismiss based on Mo. Rev. Stat. § 144.190.4.

**MMPA Claim**

Defendant also move to dismiss Plaintiff's MMPA claim for failure to state a claim. To state a claim under the MMPA, a plaintiff must allege that (1) she purchased merchandise from the defendant, (2) for personal, family, or household purposes and (3) suffered an ascertainable loss (4) as a result of an act declared unlawful under the statute. See Mo. Rev. Stat. § 407.025.1(1).

3

Under the MMPA, an unlawful practice must occur "in connection with the sale or advertisement of any merchandise in trade or commerce…" 407.020(1).

Here, Plaintiff alleges that in order to purchase the mattress she had to pay the tax. She further alleges that Defendant mispresented the tax amount and charged and collected more tax money than was due as a part of the sale of the mattress. Further, Plaintiff alleges she relied on the Defendant regarding the correct amount of tax that was due on the transaction and that Defendant's misrepresentation would mislead a reasonable consumer. The Court finds this is enough to state a claim under the MMPA.

Defendant's arguments based on what Plaintiff can, or cannot establish, are premature. Whether Plaintiff may ultimately prevail is not the issue before the Court. Rather, the Court finds Plaintiff has pled enough to state a claim under the MMPA to survive a motion to dismiss.

**New York's GBL § 349**

Additionally, Defendant argues that Plaintiff has failed to state a claim under GBL § 349 for four reasons: 1) that the allegedly deceptive conduct occurred outside of New York; 2) that the collection of taxes is not consumer-oriented conduct; 3) that Plaintiff has failed to allege a deceptive act or practice; and 4) that Plaintiff's claims are barred by the voluntary payment doctrine. New York's GBL provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby unlawful." GBL § 349(a). New York courts have interpreted this territorial requirement to apply to out-of-state consumers making transactions on a New York based website. See *Ward v. TheLadders.com, Inc.*, 3 F.Supp.3d 151, 167 (S.D.N.Y. Mar. 12, 2014) (finding out-of-state consumers adequately pleaded a claim under GBL § 349 where the "defendant operated a website in New York and maintained its bank account in New York."). Under New York law, "[a] plaintiff under section

349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Id.* at 168 (internal citation omitted).

Here, for the same reasons discussed above, Plaintiff's claims are not claims for a tax-refund. Rather, Plaintiff is seeking damages related to Defendant's alleged practice of overcharging consumers. Similarly, Plaintiff alleges Defendant's actions are likely to mislead a reasonable consumer and that Plaintiff relied on Defendant's conduct. The Court finds for purposes of analyzing the motion to dismiss Plaintiff has stated a claim. Defendant's arguments regarding whether Plaintiff can ultimately prove her claims, or whether certain arguments may prevent her from prevailing on her claims, are better suited after evidence is presented. Defendant's motion to dismiss is denied.

**Plaintiff's Claim for Negligence**

Defendant moves to dismiss the negligence claim arguing it did not owe Plaintiff a duty and the economic loss doctrine bars her claim. To state a negligence claim, Plaintiff must plead that Defendant owed a duty to plaintiff. *See Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 793 (Mo. 2016). Whether Defendant owed Plaintiff a duty "is purely a question of law." *Id.* at 793-94. Further, "[a] legal duty may arise under law, contract, or from the legislature." *Blevins v. Am. Fam. Mut. Ins. Co.*, 423 S.W.3d 837, 841 (Mo. Ct. App. 2014).

Here, Plaintiff alleges that "Defendant owed Plaintiff … a duty to exercise reasonable care to determine, represent, charge, and collect the correct amount of tax on sales of products through remote sales channels … that were delivered from an out-of-state facility." In response, Defendant argues it owed a duty to the State, not Plaintiff, with regard to the calculation, collection and remittance of taxes. Further, Defendant argues Plaintiff's claims are barred by the economic loss

5

doctrine. Citing, *Rockport Pharmacy, Inc. v. Digit. Simplistics, Inc*., 53 F.3d 195, 198 (8th Cir. 1995).

The court in *Femmer* addressed similar arguments raised by Defendant. This Court agrees with that reasoning and as the court stated in *Femmer,* "Defendant may indeed be correct that it owes no duty to plaintiff and that the economic loss doctrine bars her claims, but its arguments on these points are not sufficiently developed." See 2021 WL 735685, at *11 (E.D. Mo. Feb. 25, 2021). Here, the record has not yet been developed and the Court is analyzing Defendant's arguments in light of what Plaintiff has alleged for purposes of the motion to dismiss. Here, Plaintiff has alleged a claim for negligence. For these reasons, Defendant's motion to dismiss Plaintiff's negligence claim is denied.

**Plaintiff's Equitable Claims**

Defendant moves to dismiss Plaintiff's equitable claims for unjust enrichment (Count III) and money had and received (Count IV) for failure to state a claim as a matter of law. Under Missouri law, "claims for unjust enrichment and money had and received are essentially the same." *Blair v. City of Hannibal*, 179 F. Supp. 3d 901, 911 (E.D. Mo. 2016) (internal citation omitted). Plaintiff's claims require allegations that Defendant unjustly retained a benefit conferred by plaintiff.

Defendant argues Plaintiff does not allege that it retained any conferred benefit; that plaintiff has an adequate statutory remedy available; that her equitable claims are duplicative of her consumer fraud claims; and that Plaintiff's claims are barred by Missouri's voluntary payment doctrine.

6

Again, for the same reasons discussed throughout this Order, Plaintiff has sufficiently alleged equitable claims. Defendant's arguments are premature and whether Plaintiff may ultimately prevail based on the discovery of evidence is yet to be determined.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss is **DENIED**. (Doc. 17).

**IT IS SO ORDERED.**

Dated: April 15, 2024

*s/ Douglas Harpool*
DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE
