IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **GINGER ROBERTSON,** individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 6:23-cv-03184-MDH<br>)<br>) |
| **WHITESTONE HOME FURNISHINGS, LLC d/b/a Saatva,** | )<br>) |
| Defendant. | |

## ORDER

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. (Doc. 49). The parties have informed the Court that they have reached a settlement agreement. The Settlement Agreement is filed as an exhibit to Plaintiff's motion. Plaintiff moves the Court for an Order: (1) granting preliminary approval of the Settlement; (2) conditionally certifying the Settlement Class for settlement purposes only; (3) appointing Plaintiff as Settlement Class Representative; (4) approving the proposed Notice Plan; (5) approving Yitzchak Kopel of Brusor & Fisher, P.A. as Class Counsel; and (6) setting a date for the Final Approval Hearing. After careful review of the record before the Court, the Court hereby **GRANTS** Plaintiff's unopposed motion for the reasons stated herein.

Federal Rule of Civil Procedure 23(e) states that "claims, issues or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Rule 23(e) sets forth the procedures that apply to a proposed settlement and requires the Court to approve the settlement, if it would bind class members, only after a hearing and on a finding that

1

the settlement is fair, reasonable and adequate. Prior to that hearing, the Court must first make a preliminary inquiry regarding the terms of the settlement. If the Court finds the terms are adequate to continue toward the approval of the settlement, the Court may direct the notice to class members and then subsequently conduct the final hearing required by Rule 23(e) after the class members have had time to opt-out or object to the terms of the settlement. During the final hearing the Court shall determine whether the settlement is fair, reasonable and adequate under Rule 23. Prior to the final approval hearing, the Court may grant preliminary approval and issue notice of settlement.

After review of the terms of the Settlement Agreement, the Court preliminarily finds that the terms of the Settlement Agreement are within the parameters of Rule 23. Therefore, the Court **ORDERS** the following:

1. Preliminary Approval Of Proposed Settlement. The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

2. Class Certification For Settlement Purposes Only. Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> [A]ll consumers who made at least one Qualifying purchase from June 21, 2018 through June 18, 2024 (such period, the "Class Period").

Ex. A at ¶ 1(b). A Qualifying Purchase is defined as follows:

> [A] retail transaction for the purchase of tangible personal property from Defendant for which all of the following are true: (a) the transaction was made via Defendant's website, www.saatva.com; (b) the transaction was completed between June 21, 2018 through June 18, 2024; (c) the purchased property was shipped by or on behalf of Defendant from a location outside the State of Missouri; (d) the purchaser's delivery address was within the State of Missouri; and (e) Defendant charged the purchaser an amount of tax on the transaction that exceeded the Vendor's Use Tax Amount for that Transaction.

*Id*. In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only under Federal Rules of Civil Procedure 23(a) and (b)(3):

(a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

(c) Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

(d) Plaintiff and plaintiff's counsel appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

(e) Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f) Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

3. <u>Class Counsel and Representative</u>. Yitzchak Kopel of Bursor & Fisher, P.A., is hereby APPOINTED as Class Counsel; and Plaintiff Ginger Robertson is hereby APPOINTED Class Representative;

4. <u>Class Notice and Opt-Outs and Objections</u>.  The parties' Proposed Notice Plan is APPROVED for distribution in accordance with the schedule included in the Settlement Agreement.  Class Members shall have the right to either opt-out or object to this settlement pursuant to the procedures and schedule included in the Settlement Agreement by November 3, 2025; and

5. <u>Final Approval Hearing</u>.  A Final Approval Hearing is set for December 11, 2025, at 9:30 am, in Courtroom 1, United States District Court for the Western District of Missouri, United States Courthouse, 222 North John Q. Hammons Parkway, Springfield, Missouri, 65806.

**IT IS SO ORDERED**.

DATED:   September 2, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**