# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GINGER ROBERTSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHITESTONE HOME FURNISHINGS, LLC d/b/a Saatva<br><br>Defendant. | Case No. 6:23-cv-03184-MDH |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiff's Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") and Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Awards ("Motion for Fees"). As set forth below, both Motions are **GRANTED**.

On September 2, 2025, the Court granted Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Conditional Class Certification. On December 18, 2025, the Court held a final fairness hearing on the Motions currently before the Court. The Court has reviewed the Motions and their accompanying materials, and finds that the factors articulated in Federal Rule of Civil Procedure 23 weigh in favor of final approval, and that Class Counsel's fees, costs, and incentive awards requests are fair and reasonable. Accordingly, after careful review of the record, the Court grants Plaintiff's Motions and **ORDERS** as follows.

1. **Final Approval of the Proposed Settlement Agreement**. The Settlement Agreement, including its exhibits, is finally approved as fair, reasonable, and adequate and within the range of reasonableness for final settlement approval. The Court finds that the

following factors support final approval: (a) the proposed Class Representative and Class Counsel have adequately represented the Class; (b) the Settlement Agreement was negotiated at arm's length; (c) the relief provided for the Class appears adequate, taking into account: the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the class, including the method of processing Class Member claims; the terms of any proposed award of attorneys' fees, including timing of payment; and the lack of any agreement required to be identified under Rule 23(e)(3); and (d) the Settlement Agreement treats Class Members equitably relative to each other. These factors were discussed at length in the Court's Order granting preliminary approval, and the Court finds no reason to deviate from that holding. In addition to these factors, the Court notes that the Class's reaction to the Settlement was very favorable: out of more than 6,300 Class Members, not a single Class Member objected—either to the substance of the Settlement or to Class Counsel's fees and incentive awards request—and only two Class Members opted-out. This weighs heavily in favor of final approval. *See Wiles v. Sw. Bill Tel. Co.*, 2011 WL 2416291, at *4 (W.D. Mo. June 9, 2011) ("Having no objectors demonstrates strong support for the value and benefits delivered by the settlement. This factor weighs heavily in favor of approval of the settlement."). Thus, all relevant factors indicate that the Settlement is fair, reasonable, and adequate, and the Court finds that final approval of the Settlement is appropriate.

2. **Class Certification**. In granting preliminary approval, the Court found it likely that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) would be satisfied by the proposed Settlement Class. The Court affirms this finding, and certifies the Settlement Class for the purposes of judgment. The Class consists of:

- All consumers who made at least one Qualifying purchase from June 21, 2018 through June 18, 2024.

A Qualifying Purchase is defined as:

- A retail transaction for the purchase of tangible personal property from Defendant for which all of the following are true: (a) the transaction was made via Defendant's website, www.saatva.com; (b) the transaction was completed between June 21, 2018 through June 18, 2024; (c) the purchased property was shipped by or on behalf of Defendant from a location outside the State of Missouri; (d) the purchaser's delivery address was within the State of Missouri; and (e) Defendant charged the purchaser an amount of tax on the transaction that exceeded the Vendor's Use Tax Amount for that Transaction.

The Court finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are met:

a) **Numerosity**. The proposed Settlement Class consists of approximately 6,300 Settlement Class Members. Thus, the proposed Settlement Class is so numerous that joinder of all members is impracticable.

b) **Commonality**. Common questions of law and fact predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation.

c) **Typicality**. Plaintiff's claims are typical of the Settlement Class.

d) **Adequacy**. Plaintiff's interests are aligned with those of the Settlement Class and she has no conflicts of interest with absent Settlement Class Members. And Class Counsel are experienced litigators who approached litigation and mediation with a thorough understanding of the case.

e) **Predominance**. The central common questions in this litigation—like whether Defendant overcharged the applicable tax on online orders for Missouri residents—predominate over individual issues.

f) **Superiority**. Because Settlement Class Members' potential individual claims are small, and because their claims are virtually identical, a class action is a superior method to adjudicate this dispute.

3. **Class Notice Plan**. Due process under Rule 23 requires that Class Members receive notice of the settlement and an opportunity to be heard and participate in the litigation. Fed. R. Civ. P. 23(c)(2)(B). Here, as the Court found in granting preliminary approval, the proposed Notice Plan was the best notice practicable under the circumstances, was a reasonable manner of notice, and provided valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution. Direct notice was distributed to Class Members as ordered in the Preliminary Approval Order. And the notices themselves provided all relevant information regarding Plaintiff's allegations, the benefits provided by the Settlement, and Class Members' option to opt-out or object to the Settlement. Moreover, the Settlement Administrator, Simpluris, established and managed a Settlement Website that provided additional information to Settlement Class Members. In sum, the Court finds that thorough and effective Notice was successfully administered.

4. **Distribution of Settlement Awards**. The Settlement calls for the distribution of Cash Benefits to Settlement Class Members. The Court finds that the plan of distribution of these benefits is reasonable and effective, and directs that Defendant and the Settlement Administrator distribute the benefits in the manner directed by the Settlement Agreement.

5. **Release of Claims**. Upon entry of this Order, the claims asserted in this Action, and the Released Claims of each Settlement Class Member, are fully, finally, and forever released and discharged pursuant to the terms of the Settlement Agreement. Thus, Class Members are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims against the Released Parties. The two Class Members who opted out of the Settlement Agreement have not released any claims and will retain all rights against Defendant.

6. **Incentive Award**. The Court confirms its preliminary finding that the requested incentive award amount is appropriate. The requested award is fair and reasonable given the Class Representative's service to the Class, and it does not deter from the fairness or reasonableness of the settlement. Thus, the Court orders that the Class Representative be paid an incentive award of $2,500.

7. **Attorneys' Fees and Costs**. After considering Class Counsel's Motion for Attorneys' Fees, Costs, and Incentive Awards, and the Parties' arguments regarding the request, the Court grants the requested award of $82,155.72. Together, the fees and costs represent one-third of the Settlement value—a percentage routinely given in this Circuit. Moreover, the award is justified given the excellent result achieved for the Settlement Class, and the lack of any objections to the award, despite notice and opportunity to lodge such objections. The Court finds that a lodestar cross-check confirms the reasonableness of this award. The fees and costs must be paid in the manner directed by the Settlement Agreement.

13. **Limited Continued Jurisdiction**. As a result of the Settlement's Final Approval, Final Judgment is entered based on the Parties' Settlement Agreement. Accordingly, this action is **dismissed with prejudice**, with all Parties to bear their own costs and fees except as set forth herein. Notwithstanding the forgoing, and without affecting the finality of this Order in any way,

the Court shall retain jurisdiction to enforce the terms of the Settlement Agreement, and guarantee that its terms and this Order are carried out.

**IT IS SO ORDERED.**

Date:  December 18, 2025                              s/Douglas Harpool
                                                     Douglas Harpool, U.S. District Judge
                                                     United States District Court